H. N. Cowden *et al. v.* G. W. Pitts *et al.*

---

HUMPHREY N. COWDEN *et al. v.* GEO. W. PITTS *et al.*

1. CONVERSION. *Sale for partition. Converts realty into personalty. Husband's marital rights.* The *confirmation* of a sale of land for partition under Chapter 2, Title 2 of 'the Code, converts the wife's realty into personalty, to which the husband's marital rights attach. In case of wife's death after confirmation, the husband and *his* representatives take the proceeds.

    Cases cited: Jones *v.* Walkup, 5 Sneed, 135; Moore and wife, *ex parte*, 3 Head, 171; Rogers *v.* Clark, 5 Sneed, 665.

2. SAME. *Same.* Section 3338 of the Code has no application to sales made for partition.

    Code construed: § 3338.

---

### FROM GILES.

---

Appeal from the Chancery Court. W. S. FLEMING, Chancellor.

T. M. JONES for Cowden *et al.*

JOHN. C. BROWN for Pitts *et al.*

McFARLAND, J., delivered the opinion of the Court.

This bill was filed by H. N. Cowden and his wife (Emily M. Cowden), and Shelby B. Marsh. Said Emily, before her marriage with Cowden, was the widow of Pleasant L. James, and she and Marsh were the executrix and executor of his will; it was filed against the children, heirs and legatees of said James, who were then minors, and one of the number (Amanda J.) a *feme-covert* as well as minor, being

the wife of G. W. Pitts. In the progress of the cause, on the 30th of October, 1860, the real estate of said James was sold under a decree, and the sale reported and confirmed on the 13th of March, 1861. At the time, said Amanda J. was the owner of one-third interest in the estate, subject to the dower of Mrs. Cowden. She was a minor, and had not attained her majority at her death in February, 1862. She left surviving her an infant daughter (Jenny W.), and her husband, the said George W. Pitts; and the question before us is, who is entitled to the share of Amanda J. Pitts in the proceeds of the realty thus sold; the infant daughter (Jenny W.), or the administrator of the father, who has since died?

It has been held here in a number of cases that the *confirmation* of the sale converted the wife's realty into personalty, to which the marital rights of the husband at once attach, and in such case the husband takes the proceeds of the sale to the exclusion of the heir of the wife, in the event of her death after the confirmation of the sale. See *Jones* v. *Walkup*, 5 Sneed, 135; *Moore and wife,* ex parte, 3 Head, 170; *Rogers* v. *Clark*, 5 Sneed, 665. In this latter case was a sale under the Act of 1827, by a Court of Chancery, of land owned by a minor, upon the ground of manifest advantage to the infant, it was held that the sale was a conversion of the minor's land into property. The Court having failed

H. N. Cowden *et al. v.* G. W. Pitts *et al.*

to reinvest the fund in other lands, and the proceeds passed by the Statute of Distribution.

It is argued, however, that where a sale of land is decreed by a Court of Chancery, under the provisions of a chapter treating "of the sale of property of persons under disability," a different rule prevails. See chapter beginning with § 3323. It will be seen that this chapter introduces many new provisions. Among others, in § 3338, it is provided: "In sales made under provisions of this chapter, the Court shall see that the proceeds of the sale are reinvested in lands or bonds of this State or of the United States, or loaned on good mortgages on realty, for the benefit of the persons under disability or not in being, and held in the same manner and subject to the same rules of descent and distribution as the property which was sold." Under this it is argued with great force that the proceeds of the sale, whether reinvested or not, shall be subject to the same rule of descent as the land before it was sold. It is virtually conceded, however, that this section does not apply to cases of sale for partition, or other sales than those under the provisions of the chapter referred to. This leads to the inquiry, therefore, whether the sale in the present cause was a sale under the provisions of this chapter, or was a sale for partition. As we have seen, it was a bill filed by the executor and executrix of P. S. James, deceased, the latter of whom was also the guardian of the minors, the hus-

band of the latter also joining, against the three children who were minors, and the husband of one of the three; the bill, in substance, shows that by a nuncupative will the estate, which would mean the personal estate, as the land could not pass by such will, was left for the benefit of his widow and children, and the support and education of the latter, until they arrived at the age of twenty-one years, when the estate was to be divided. The bill shows various reasons why this division should at once be made, and not await the time designated by the will. The widow had married and moved away, Amanda J. had also married and left, and one of the other two minors resided with the widow, and the other with Amanda J.; that the estate · was greatly depreciating in value; the land descended is described as one tract of about three hundred acres and one of fifteen or twenty acres. The widow was entitled to dower, and it is charged in the bill that the land can not be advantageously divided; that it can not be divided into four shares without manifest injury to all concerned, as there are but two springs on the same, timbered land nearly all together, and the cleared land all in a body, so that an equal division can not be made of the same, but that it would sell for a full price.

These facts are reported by the Clerk as established by the proof, and upon this the decree was entered for a sale for a division. We are of opinion that although in some respects the proceedings were

made to conform to the requirements of the chapter in question, yet this was a sale for partition under the preceding chapters of the Code, and therefore § 3338 does not apply. And upon the authorities before referred to we must hold that the representative of the husband is entitled to the proceeds of the sale belonging to his wife.

This was the Chancellor's decree and it will be affirmed, but the costs will be paid out of the fund.